**In re Anonymous No. 108 D.B. 89**

Disciplinary Board Docket no. 108 D.B. 89.

SALTZ, *Member,* July 7, 1994—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, [ ], was suspended for a period of two years retroactive to February 10, 1989, by order of the Pennsylvania Supreme Court dated June 28, 1990. His suspension was based upon his conviction for failure to file personal federal income tax returns in violation of 26 U.S.C. §7203.

On August 2, 1993, a petition for reinstatement was filed, together with a reinstatement questionnaire. A reinstatement hearing was held on November 16, 1993 before Hearing Committee [ ], chaired by [ ], Esq., and included [ ], Esq., and [ ], Esq. The Hearing Committee filed a report on February 8, 1994 and recommended the reinstatement of petitioner. Office of Disciplinary Counsel did not file exceptions to the report. The matter was adjudicated at the March 10, 1994 meeting of the Disciplinary Board, which concurred with the Hearing Committee's recommendation that petitioner be reinstated.

## II. FINDINGS OF FACT

(1) Petitioner, [ ], was born in 1951 and was admitted to the practice of law in Pennsylvania in 1977. His current address is [ ].

(2) Petitioner was suspended from the practice of law on June 28, 1990 retroactive to February 10, 1989, the date petitioner was placed on temporary suspension. On January 4, 1989, the petitioner was found guilty under 26 U.S.C. §7203 by the federal district magistrate, [   ] District, for failure to file tax returns for the years 1982, 1983 and 1984. There were tax deficiencies for all three years. On February 10, 1989, petitioner was sentenced to pay the costs of prosecution and was fined $1,000. He was ordered to pay a special assessment of $25 and was placed on probation for three concurrent periods of two years.

(4) On August 2, 1993, petitioner filed a petition with the Disciplinary Board requesting his reinstatement to the bar of the Supreme Court of Pennsylvania.

(5) During the years in question, petitioner was involved in an attempt to restore minor league baseball to the [A] area, which included such diverse responsibilities as involvement in the political process for election of county commissioners (N.T. 13), the authorization and construction of a multipurpose stadium in [A] and the sale of season tickets needed to justify the construction of such a stadium (N.T. 15), as well as the overall undertaking of the procurement of a team willing to base its franchise in the [A] area.

(6) During at least a portion of the years in which he failed to file timely income tax returns, petitioner was under the care of a psychiatrist for treatment of depression. (N.T. 15.)

(7) During the same period, petitioner became separated from his wife. (N.T. 15.)

(8) All of the above affected petitioner's judgment with respect to his duty to attend to other items of business, specifically including the timely filing of federal income tax returns.

(9) Since 1984 petitioner has filed income tax returns in a timely fashion. (N.T. 15.)

(10) As of 1991, petitioner was assessed with penalties and interest in back filings of taxes amounting to $41,000. (N.T. 17.)

(11) Since that date, petitioner has reduced his Internal Revenue Service debt to less than $10,000. (P. exh. 3 and 6.)

(12) Petitioner has entered into an installment agreement with the Internal Revenue Service calling for monthly payments of $750 and is current with respect to this obligation. (P. exh. 3.)

(13) Certain tax liens due exist on the records of the Court of Common Pleas of [    ] County, including:

(1) *United States of America v. [petitioner]*, no. [    ], in the amount of $15,122.07.

(2) *United States of America v. [petitioner]*, no. [    ] $4,151.37.

(3) *United States of America v. [petitioner]*, no. [    ], $4,151.37.

(4) *United States of America v. [petitioner]*, no. [    ], $2,038.48.

(14) The amounts shown on these liens are not current. As of November 18, 1993, petitioner's total outstanding tax obligation to the Internal Revenue Service was $9,366.57, which amount is confirmed by further letter

of [B], revenue officer, dated November 18, 1993 and marked as petitioner's exhibit number 6.

(15) During the years of his suspension from the practice of law petitioner has attended the appropriate Pennsylvania legal practice courses and, further, has attended a variety of seminars and continuing legal education programs. (N.T. 18.) (See also petitioner's reinstatement questionnaire.)

(16) By stipulation of counsel, the veracity and the currency of the reinstatement questionnaire insofar as continuing legal education is concerned has been established. (N.T. 22.)

(17) Since the date of suspension, petitioner has been employed as a paralegal, first with the law firm of [C] & [D], and later with Attorney [D] in her solo practice. In that capacity he has done research in the area of estate planning, estate administration, business agreements and tax matters. (N.T. 20.)

(18) Petitioner presented a group of 13 letters by licensed attorneys, all attesting to their firsthand knowledge of petitioner and supporting, unanimously, his petition for reinstatement, at the hearing held on November 16, 1993. Subsequent to the November 16, 1993 hearing three additional letters were received and submitted to the Hearing Committee by agreement.

(19) Attorney [D], of the [A] area, a member of the Pennsylvania Bar, testified that petitioner had been employed by her as a paralegal. His generally excellent performance in that capacity is outlined in detail. (N.T. 49-51.)

(20) Attorney [D] further testified that she believed that petitioner would be a competent attorney if he were

reinstated to the practice of law in the Commonwealth. (N.T. 53.)

(21) Attorney [E], of the [F] area, a member of the Pennsylvania Bar, testified that he has worked with petitioner in his capacity as a paralegal.

(22) Based on his opportunity to observe petitioner's performance as a paralegal, [E] has testified that petitioner's abilities were outstanding. (N.T. 59.)

(23) [E] further indicated that based upon his personal knowledge of petitioner he had no reservations about petitioner's competency or integrity as it relates to the practice of law. He further indicated that he believed he should be reinstated to the practice of law. (N.T. 60.)

## III. DISCUSSION

The primary objective of the disciplinary system is to determine whether the attorney possesses the requisite fitness to practice law and to protect the public from unfit attorneys. *Office of Disciplinary Counsel v. Lucarini,* 504 Pa. 271, 472 A.2d 186 (1983). In this fashion, the integrity of the legal system is maintained. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986).

Rule 218(a), Pa.R.D.E., requires that an attorney who is suspended for a period exceeding one year may not resume practice until reinstated by order of the Pennsylvania Supreme Court. In order to be reinstated, an attorney must prove by clear and convincing evidence that the attorney possesses the moral qualifications, competency, and learning in the law required for admission to practice law in the Commonwealth, and that the re-

sumption of the practice of law will be neither detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. Pa.R.D.E. 218(c)(3)(i).

A reinstatement proceeding is a searching inquiry into a lawyer's present professional and moral fitness to resume the practice of law. The object of concern is not solely the transgressions which gave rise to the lawyer's suspension or disbarment, but rather the nature and extent of the rehabilitative efforts he has made since the time the sanctions were imposed, and the degree of success achieved in the rehabilitative process. *Philadelphia Newspapers v. The Disciplinary Board of the Supreme Court of Pennsylvania,* 468 Pa. 382, 363 A.2d 779 (1976). Since his suspension, petitioner has been continuously employed as a paralegal which has provided him with an opportunity to remain current in the law. It cannot be argued that petitioner was not guilty of both the crime of failing to timely file income tax returns and of extremely poor judgment in doing so. However, it is the belief of this board that petitioner has regained his emotional and professional equilibrium and that his contribution to the community in bringing AAA baseball to the [A] area is to be commended.

Petitioner was assessed with penalties and interest in back filing of taxes in 1991. Since that time, petitioner has reduced his Internal Revenue Service debt and has entered into an installment agreement with the Internal Revenue Service calling for monthly payments and is current with respect to this obligation.

The record does not show that petitioner has been engaged in any misconduct since his original suspension

in 1989, and that his prior conduct did not harm any of his clients. Finally, petitioner submitted evidence of his moral qualifications through the testimony of two witnesses, and 16 letters, all of whom are licensed attorneys and have firsthand knowledge of petitioner. Each testified that petitioner was trustworthy and dedicated to serving his clients and the community. They said that he would be an asset if he was allowed to return to the profession.

In the reinstatement questionnaire, petitioner listed the courses which he had taken in preparation for reinstatement. Hence, he made a conscious decision to return and took the matter seriously. Petitioner also showed that he has read publications in the legal field and has acquired knowledge of current legal developments in the field of estate law.

In sum, petitioner has satisfied every requirement for reinstatement. The board notes that he has led a productive life since his suspension. Petitioner has demonstrated that if he is allowed to return to the practice of law, he would not only be a productive member of the bar, but of the community as well.

## IV. RECOMMENDATION

For the foregoing reasons, the board recommends that the petition for reinstatement for [petitioner] be granted. The board further recommends that petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition, pursuant to Pa.R.D.E. 218(e).

Board Member Paris did not participate in the adjudication.

## ORDER

And now, August 3, 1994, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated July 7, 1994, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E. petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice Frank J. Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket no. 94 R1801, due to the unavailability of Mr. Justice Rolf Larsen, see no. 127 Judicial Administration Docket no. 1, filed October 28, 1993.